CITY OF BEARDSTOWN
*v.*
CHARLES D. MOODY.

WITNESS — *competency of.*   Where a city ordinance imposed a penalty of fifty dollars on all steamboats that should leave the wharf without paying wharfage fees, in a prosecution by the city for the penalty, the wharf-master was not an incompetent witness, because the ordinances entitled him to ten per cent. of the wharfage fees.   The penalty cannot be regarded as wharfage fees.

WRIT OF ERROR to the Circuit Court of Cass county; the Hon. JAMES HARRIOTT, Judge, presiding.

This was a prosecution for a penalty under an ordinance of the city of Beardstown, tried at the September term, 1864, of the Circuit Court.   There was judgment for the defendant, and the plaintiff below sued out a writ of error.   The facts appear in the opinion.

Mr. J. HENRY SHAW, for the Plaintiff in Error.

Messrs. SMITH & DUMMER, for the Defendant in Error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

The city of Beardstown has an ordinance requiring the owner or master of any steamboat, landing at its wharf, to pay a wharfage fee of one dollar.

Section 9, of the same ordinance, reads as follows : " The said wharf-master shall be entitled to such fees or per centage as the city council shall hereafter, by ordinance or order, determine,

and for this year not less than ten per cent. on the whole amount by him collected as wharfage, and all such additional fees or commissions as the city council by order or resolution may direct."

This ordinance was passed April 14, 1864.

Section 14, of an ordinance amendatory of the ordinance above referred to, provides that the owner or master of a steamboat who shall permit the same to leave the city wharf without paying the wharfage fee, "shall forfeit and pay to said city the sum of fifty dollars for each such departure without such payment."

The appellant sued the appellee, under this section, to recover the penalty, and on the trial offered the wharf-master as a witness, who was held incompetent by the court on the ground of interest. We have only been referred to section 9, above quoted, as showing his interest, nor do we find any other provision bearing upon this point, in the ordinances as set out in the bill of exceptions. This section clearly gives him no interest in the event of this suit. By its provisions he was to have "ten per cent. on the whole amount by him collected as wharfage." This suit is not for wharfage, but for a penalty for violating an ordinance. It is a *quasi* criminal proceeding. The fifty dollars, if collected, can no more be considered wharfage fees, than could any other fine or penalty imposed and collected for violating some other city ordinance. The owner or master of the vessel, notwithstanding he had paid this penalty, would still remain liable for the one dollar wharfage which he had sought to evade. The wharf-master has no legal right to any portion of whatever sum may be recovered in this suit, and is not, so far as this record discloses, an incompetent witness.

Judgment is reversed and the cause remanded.

*Judgment reversed.*